**SO ORDERED**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| EDWARD F. CAVANAGH | : | Case No. 12-28677PM |
| DEBORAH L. CAVANAGH | : | Chapter 13 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM AND ORDER

     This bankruptcy case under Chapter 13 came before the court on the Motion of the Chapter 13 Trustee to transfer the venue of this case to the Northern District of West Virginia. The Trustee urges that the District of Maryland is an improper venue because the Debtors reside in Charles Town, West Virginia. Debtors' counsel acknowledges that the selection of Maryland exemptions was inappropriate inasmuch as the Debtors have resided in West Virginia for seven years. However, the Debtors urge that venue is proper under 28 U.S.C. § 1408(1) in that their principal assets, namely, a rental property in Damascus, Maryland, are located in this District. That rental property produces substantial income for the Debtors.

     The court finds, in consideration of all of the circumstances of this case, particularly that the District of Maryland is the most convenient for the parties, that venue should be retained in this court. Cf. *In Re Ridgely Communications, Inc.*, 107 B.R. 72, 78 (BC Md. 1989), that cites the six-part convenience test of *In the matter of Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (CA5 1979).

     It is, therefore, by the United States Bankruptcy Court for the District of Maryland,

ORDERED That the Trustee's Motion for Transfer of Venue is DENIED.

cc:
Edward/Deborah Cavanagh, 420 E. Washington Street, Charles Town, WV 25414
Brian Tucci, Esq., 15245 Shady Grove Road, #465N, Rockville, MD 20850
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum and Order**